UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Tim Mackey and John Nesse as Trustees of the Minnesota Laborers Health and Welfare Fund, Gary Reed and John Nesse as Trustees of the Minnesota Laborers Pension Fund, James Brady and Martha Henrickson as Trustees of the Minnesota Laborers Vacation Fund, Gary Reed and John Bartz as Trustees of the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, Dan Olson and Chris Born as Trustees of the Minnesota Laborers Employers Cooperation and Education Trust, the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust, | Case No: 14-CV-02040 (MJD/TNL) |
| Plaintiffs, | **ORDER FOR**<br>**ENTRY OF JUDGMENT** |
| v. | |
| Sterling Systems Inc. and Jason Jones, Individually, | |
| Defendants. | |

This matter was heard before the undersigned on November 7, 2014. Christy E. Lawrie of McGrann Shea Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendants.

1

## **FINDINGS OF FACT**

1. The Complaint was filed with the Court on June 20, 2014.

2. The Complaint was served on Sterling Systems Inc. ("Sterling Systems") and Jason Jones ("Jones") on June 24, 2014.

3. Sterling Systems and Jones failed to file an Answer with the Clerk of Court or serve an appropriate Answer upon the Funds' counsel, and the time allowed by law for Sterling Systems and Jones to answer the Complaint lapsed.

4. The Clerk entered default on July 16, 2014.

5. Plaintiffs are Trustees and fiduciaries of the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust ("the Funds").

6. The Funds are multi-employer, jointly-trusteed fringe benefit plans created and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 186(c)(5).

7. The Funds are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq. ("ERISA").

8. The Funds are exempt from federal taxation pursuant to the Internal Revenue Code.

9. Sterling Systems accepted and agreed to be bound to the terms of a collective bargaining agreement between a multi-employer bargaining committee of

Commercial Cleaning Contractors and the Laborers' District Council of Minnesota and North Dakota on behalf of its affiliated Unions with a term of May 1, 2010 through April 30, 2013 ("Cleaning CBA").

10. The Cleaning CBA contains an evergreen clause which provides that failure to give notice of intent to terminate or amend the Cleaning CBA shall cause the Cleaning CBA to automatically renew for a period of twelve months. As such, Sterling Systems is bound to the Cleaning CBA through at least April 30, 2014.

11. The Cleaning CBA provides that the individual signing the Acceptance of Agreement shall be personally bound by and assume all obligations arising under the Cleaning CBA. As such, Jones is personally liable for Sterling Systems's obligations arising under the Cleaning CBA.

12. Sterling Systems also accepted and agreed to be bound to the terms of a collective bargaining agreement between Minnesota Environmental Contractors Association and the Laborers' District Council of Minnesota and North Dakota on behalf of its affiliated Unions with a term of January 1, 2011 through December 31, 2013 ("Environmental CBA") (the Cleaning CBA and the Environmental CBA collectively referred to as "CBAs").

13. The Environmental CBA contains an evergreen clause which provides that failure to give notice of intent to terminate or amend the Environmental CBA shall cause the Environmental CBA to automatically renew for a period of twelve months. As such, Sterling Systems is bound to the Environmental CBA through at least December 31, 2014.

14. The CBAs provides that Sterling Systems and Jones are bound to the

Trust Agreement for each of the following: the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust.

15. The CBAs require Sterling Systems and Jones to contribute every month, not later than the 15th day of the following month, contributions to the Funds in an amount set forth in the CBAs for each hour worked by employees covered by the CBAs.

16. The CBAs require Sterling Systems and Jones to accurately report and calculate the contributions due and owing in any given month to the Funds on a remittance report form which must be submitted with their monthly payment to the Funds.

17. The CBAs state that Sterling Systems and Jones shall be considered delinquent for a particular month if the required report and payment are not postmarked on or before the 15th day of the following month.

18. Sterling Systems and Jones breached the terms of the CBAs by failing to submit its remittance reports and contributions for April 2014.

19. Pursuant to the remittance reports untimely submitted by Sterling Systems and Jones, $35,583.56 is due and owing to the Funds for April 2014. Of that amount, $152.40 is due and owing pursuant to the Cleaning CBA. A true and correct copy of the April 2014 remittance reports are attached hereto as Exhibit E.

20. Sterling Systems further breached the terms of the Environmental CBA by failing to submit its remittance reports and contributions for the period of May 2014

through June 2014.

21.     Pursuant to the remittance reports untimely submitted by Sterling Systems and Jones, $112,251.32 is due and owing to the Funds for May 2014 through June 2014.

22.     The CBAs provide that if a payment for contributions is not submitted to the Funds on or before the fifteenth day of the month following the month for which the contributions are due, the employer is subject to a penalty in the amount of ten percent of the contributions as liquidated damages.

23.     Liquidated damages in the amount of $14,783.49 are due and owing for the months of April 2014 through June 2014.  Of that amount, $15.24 is due and owing pursuant to the Cleaning CBA.

24.     Sterling Systems and Jones have submitted partial payments in the total amount of $147,834.88, for which it is entitled to a credit.  Following application of that credit, $14,783.49 remains due and owing for the months of April 2014 through June 2014.  Of that amount, $15.24 is due and owing pursuant to the Cleaning CBA for which Jones is personally liable.

25.     The CBAs further provide that a delinquent employer shall be required to pay all reasonable attorneys' fees and court costs incurred by the Funds.

26.     The Funds incurred attorneys' fees and costs in pursuing this delinquency in the amount of $2,017.66.  These attorneys' fees and costs were reasonable under the circumstances and limited to performing those services necessary for the prosecution of the Funds' claims.

## **CONCLUSIONS OF LAW**

1.  Sterling Systems and Jones are in default and the Funds are entitled to entry of judgment.

2.  Sterling Systems is liable to the Funds in the amount of $14,783.49 for unpaid contributions and liquidated damages for the months of April 2014 through June 2014.

3.  Jason Jones is liable to the Funds in the amount of $15.24 for unpaid contributions and liquidated damages for the months of April 2014 through June 2014.

4.  Sterling Systems and Jones are jointly and severally liable to the Funds in the amount of $2,017.66 for attorneys' fees and costs.

## **ORDER**

**IT IS ORDERED:**

1.  That Plaintiffs' Motion for Entry of a Default Money Judgment is granted.

2.  That judgment in the amount of $16,801.15 be entered against Sterling Systems Inc. and $2,032.90 be entered against Jason Jones and in favor of Plaintiffs.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   November 7, 2014                              BY THE COURT:

                                                                         s/ Michael J. Davis
                                                                         Michael J. Davis
                                                                         Chief Judge
                                                                         United States District Court